[No. 18544.    Department Two.    July 8, 1924.]

F. W. RASCHKE, *Appellant*, v. LILLIAN RASCHKE, *Respondent.*[1]

DIVORCE (106-1)—SUPPORT OF CHILDREN—ENFORCEMENT OF ORDER—CONTEMPT—JURISDICTION—SUPPLEMENTAL DECREE.  A supplemental order placing the custody of minor children with grandparents does not affect an original divorce decree providing for payments for their support, or affect the jurisdiction of the court to enforce the decree by contempt proceedings.

SAME (106)—SUPPORT OF CHILDREN—ORDER OR DECREE—EVIDENCE. A judgment on contempt for failing to pay money for the support of children will not be disturbed, where the trial court heard all the witnesses, unless it is very clear that the evidence is against the conclusion reached.

Appeal from an order of the superior court for King county, Ronald, J., entered September 18, 1923, adjudging plaintiff guilty of contempt for failure to make payments for the support of minor children, after a decree of divorce.    Affirmed.

*L. C. Stevenson,* for appellant.
*Lane & Thompson,* for respondent.

BRIDGES, J.—On the 27th of February, 1918, the court granted a divorce to the parties to this action, and awarded the two minor children to the maternal grandparents during the school year, and to the paternal grandparents during the school vacation, and ordered

[1]Reported in 227 Pac. 16.

that the plaintiff pay into court for the maternal grand-
parents $25 a month, except during the school vacation,
and until he was drafted into the United States Army,
and if he were so drafted, then during the time
of his service the amount should be $15 per month.
On May 16, 1921, the plaintiff was cited into court to
show reason why he had not made the payments as
provided in the original decree, and after a hearing
the court found that he was in default in the sum of
$425, and ordered that he pay that amount into court
for the maternal grandparents. On September 20,
1921, an order was made modifying the original decree
with reference to the custody of the minor children, by
placing them with the paternal grandparents until the
further order of the court.

Subsequent to all of the foregoing, the plaintiff was
cited to show cause why he should not be punished for
contempt for failure to pay the balance due from him
under the original decree, to wit: $425, and on Sep-
tember 18, 1923, the court made an order to the effect
that the plaintiff had wilfully neglected and failed to
pay such money, and was in contempt of court, and
that such $425 should be paid within a designated time.
It is from this last order that the plaintiff has ap-
pealed.

It would appear that he raises two points; first, that
the court was without jurisdiction to make the order
appealed from; and secondly, that that order was un-
just and not supported by the testimony. On the first
point the argument seems to be that the original decree
whereby appellant was required to make the payments
mentioned, has been superseded by the supplemental
decree. This position is wrong. The supplemental
affected the original decree only with reference to the
custody of the minor children. It did not in anywise

affect the original decree in so far as it required the appellant to make the payments mentioned. The order appealed from is based on the original decree and concerned moneys which the appellant was there required to pay.

Nor can we say that the judgment appealed from is unjust and contrary to the evidence. The trial court had all of these parties before it on a number of occasions, and was necessarily better acquainted with them and their surrounding circumstances and conditions than we possibly can be, and under these circumstances the testimony would have to be very clear indeed against the conclusion reached by the trial court before we would interfere with that conclusion.

The judgment is affirmed.

MITCHELL, FULLERTON, HOLCOMB, and PEMBERTON, JJ., concur.